JACOB F. COCK, APPELLANT, *v.* CORNELIUS MOORE, RESPONDENT.

*Statute of frauds — when a promise is not one to answer for the debt of another.*

The plaintiff was employed by one Stansbury, who was building a house for the defendant, to do certain work thereon, for which there became due to him $156.80. Stansbury abandoned the work, with defendant's consent, leaving in his hands sufficient money to pay the claim of the plaintiff, which claim defendant verbally promised both Stansbury and plaintiff that he would pay.

In an action to recover the said amount, *held,* that the promise was not void under the statute of frauds, as being one to answer for the default or miscarriage of another, and that the plaintiff was entitled to recover.

APPEAL from a judgment of the County Court of Queens county, dismissing the complaint herein.

One Theodore Stansbury, a contractor, was building a house at Pearsalls, in Queens county, for Cornelius Moore, the respondent. The contractor employed Jacob F. Cock, the appellant, to do certain work upon the house, viz.: Tinning, roofing, putting in leaders and a pump. The work was done by the plaintiff and the price to be paid therefor was $156.80. The plaintiff has not been paid for the work done. Before the house upon which this work was done was entirely completed, the contractor, with the consent of the defendant, gave up the work. When the contract was thus given up the contractor left $750 or $800 in the hands of the defendant, and furnished him with a statement of the outstanding debts. The

money left in his hands was enough to pay the outstanding debts, among which was plaintiff's, and defendant said he would pay these debts ; subsequently, and in answer to plaintiff's demand on the defendant for the money the defendant wrote to plaintiff requesting him not to put a lien on the house, and promising payment. In an action to recover the amount the County Court ruled that, there being no agreement in writing, on the part of the defendant to pay the debt, there could be no recovery, and dismissed the complaint.

*John Fleming*, for the appellant.

*George A. Mott*, for the respondent.

GILBERT, J.:

I think the County Court erred in dismissing the complaint. The defendant did not undertake or promise for Stansbury, but for himself. Nor was the promise one that Stansbury should pay out of the money due to him from the defendant, but that the defendant would do so. Consequently Stansbury never had assumed, nor had he put himself in a position to become liable in the first instance to do that which the defendant undertook and promised to do. Stansbury left in the defendant's hands sufficient funds to pay the plaintiff's claim, and directed the defendant to make such application. The defendant promised Stansbury that he would do so. Subsequently the same promise was made to the plaintiff. The case I think is not within the statute of frauds but rather falls under the third class of promises stated by COMSTOCK, J., in *Mallory* v. *Gillett* (21 N. Y., 433), namely, "Where, although the debt remains, the promise is founded on a new consideration which moves to the promisor. This consideration may come from the debtor, as where he puts a fund in the hands of the promisee, either by absolute transfer or upon a trust to pay the debt," etc. (*Lippincott* v. *Ashfield*, 4 Sand., 611.) From the facts proved in this case the law would imply a liability to apply the fund in the defendant's hands in the manner Stansbury directed him, and he undertook to do. (*Barker* v. *Bucklin*, 2 Den., 45; *Lawrence* v. *Fox*, 20 N. Y., 268; *Barlow* v. *Myers*, 64 id., 41.) When the law will imply a debt or duty against any man, his express prom-

ise to pay the same debt or perform the same duty must in its nature be original. (21 N. Y., 430.)

The judgment must be reversed and a new trial granted, with costs to abide the event.

Dykman, J., concurred.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Judgment of County Court reversed and new trial granted, costs to abide event.